UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION

CHRISCON INVESTMENTS LTD, a corporation incorporated under the Canada Business Corporations Act; GOULCO HOLDINGS INC., a corporation incorporated under the Canada Business Corporations Act; GOUGAV INVESTMENTS INC., a corporation incorporated under the Canada Business Corporations Act; and 9290-2493 QUEBEC INC., a corporation incorporated under the Quebec Business Corporations Act,
                  *Plaintiffs*,

CASE NO.: _____

JURY TRIAL: ☐ Yes ■ No

vs.

800.COM, LLC, a Delaware limited liability company; and JAY WESTERDAL, a natural person,
                  *Defendants*.
_____/

## COMPLAINT

Plaintiffs, CHRISCON INVESTMENTS LTD, a corporation incorporated under the Canada Business Corporations Act; GOULCO HOLDINGS INC., a corporation incorporated under the Canada Business Corporations Act; GOUGAV INVESTMENTS INC., a corporation incorporated under the Canada Business Corporations Act; and 9290-2493 QUEBEC INC., a corporation incorporated under the Quebec Business Corporations Act (collectively, "**Plaintiffs**"), by and through their undersigned counsel, hereby sues defendants, 800.COM, LLC, a Delaware limited liability company ("**800.Delaware LLC**"); and JAY WESTERDAL, a natural person and resident of the State of Washington ("**Westerdal**", and, collectively with 800.Delaware LLC, the "**Defendants**") and, accordingly, files this Complaint (this "**Complaint**"), hereby alleging as follows:

                  I.      JURISDICTION AND VENUE.

1. Plaintiffs bring this Complaint under Federal Diversity Jurisdiction, 28 U.S.C. 1332, as the Plaintiffs are completely diverse from each of Defendants 800.Com and Westerdal, and the amount in controversy exceeds Seventy Five Thousand Dollars (US$75,000.00).

2. Venue is proper before this Honorable Court because Section 10.9 of the 'Asset Purchase Agreement' (hereinafter defined), one of the documents from which Plaintiffs' claims against Defendants arise, states in pertinent part that "[t]he Parties agree that any Litigation one Party commences against any other

Party pursuant to this Agreement shall be brought exclusively in the courts of the State of Florida, sitting in Ft. Lauderdale, Florida, and the federal courts of the United States of America sitting in Ft. Lauderdale, Florida, shall have exclusive jurisdiction over such Litigation." Further, pursuant to 28 USC §1391(b)(2), since all installment payments were to be delivered to Seller in Broward County, Florida, Defendants' failure to deliver (or cause delivery) of all such installment payments vests this venue with jurisdiction over the Defendants.

II.     THE PARTIES.

3.      Plaintiff, CHRISCON INVESTMENTS LTD, a corporation incorporated under the Canada Business Corporations Act, is a Canadian corporation doing business in the country of Canada, having its principal business offices located at 432 Eglington Avenue East, Toronto, Ontario, Canada M4P 1N6.

4.      Plaintiff, GOULCO HOLDINGS INC., a corporation incorporated under the Canada Business Corporations Act, is a Canadian corporation doing business in the country of Canada, having its principal business offices located at 2097 Cambridge Road, Mount Royal, Quebec, Canada H3R 2Y2.

5.      Plaintiff, GOUGAV INVESTMENTS INC., a corporation incorporated under the Canada Business Corporations Act, is a Canadian corporation doing business in the country of Canada, having its principal business offices located at 300 Strathcona Drive, Mount Royal, Quebec, Canada H3R 1E7.

6.      Plaintiff, 9290-2493 QUEBEC INC., a corporation incorporated under the Quebec Business Corporations Act, is a Canadian corporation doing business in the country of Canada, having its principal business offices located at 3333 Graham Boulevard, Suite 600, Mount Royal, Quebec, Canada H3R 3L5.

7.      Defendant, 800.DELAWARE LLC, is a Delaware limited liability company, having, upon information and belief, a mailing address at 4134 Gulf Of Mexico Drive, Suite 307, Longboat Key, Florida 34228, Attn: Jay Westerdal, Managing Member and CEO, and having its Registered Agent located at c/o 'A Registered Agent, Inc.', 8 The Green, Suite A, Dover, Kent County, Delaware 19901.

8.      Defendant, WESTERDAL, is a natural person and resident of the State of Washington, having a residence address at 1845 West Mercer Way, Mercer Island, King County, Washington 98040.

III.    FACTS COMMON TO ALL CAUSES OF ACTION.

9.      On or about November 17, 2017, each of Steven Ivester, a natural person ("**Ivester**"), 800.Com, Inc., a Florida corporation ("**800.Florida Inc**." (and, collectively with Ivester, "**Seller**"), which, upon information and belief, and during all pertinent times, was a company controlled by Ivester), as 'seller', and Defendant, 800.Delaware.LLC (which, upon information and belief, and during all pertinent times, was a

company controlled by Westerdal), as 'buyer', entered into that certain Asset Purchase Agreement (the "**Purchase Agreement**", a copy of which is attached hereto (and is hereby incorporated herein) as Exhibit "A") whereby, in exchange for receipt of a series of installment payments, assumption of Ivester's existing debt, and grant of equity convertible to cash to be made during the time period spanning the course of thirty (30) months from the effective date of the Purchase Agreement, Ivester and 800.Florida Inc. agreed to convey to 800.Delaware LLC all of their respective right, title, and interest in and to certain domain names, trademarks, and other assets described in the Purchase Agreement (collectively, the "**Assets**").  Specifically, such agreed installment payments, assumption of existing debt, and grant of equity interest were as follows:

(a) "at Closing, a Cash Payment by 800[.Delaware LLC] to Ivester in the amount of Five Hundred Thousand Dollars ($500,000.00)" [Purchase Agreement §2.1(a)] ("**Installment 2.1(a)**");

(b) "at Closing, a Cash Payment by 800[.Delaware LLC] to entities identified by Ivester . . . in the amount of Three Hundred Thousand Dollars ($300,000.00)" [Purchase Agreement §2.1(b)] ("**Installment 2.1(b)**");

(c) "the assumption by 800[.Delaware LLC] of [certain of Seller's existing debt], up to a maximum of One Hundred Thousand Dollars ($100,000.00)" [Purchase Agreement §2.1(c)] ("**Installment 2.1(c)**");

(d) "the assumption by 800[.Delaware LLC] of Seller's debt to Steven Walitt . . . having a current principal balance . . . of Three Hundred Ninety Four Thousand Dollars ($394,000.00)" [Purchase Agreement §2.1(d)] ("**Installment 2.1(d)**");

(e) "the further payment by 800[.Delaware LLC] to Ivester of cash in the amount of Five Hundred Thousand Dollars ($500,000.00), which amount shall be due and paid on May 17, 2018" [Purchase Agreement §2.1(e)] ("**Installment 2.1(e)**");

(f) "the further payment by 800[.Delaware LLC] to 800[.Florida Inc.] of cash in the amount of Seven Hundred Twenty Thousand Dollars ($720,000.00), [which] shall be payable in eighteen (18) monthly installments of Forty Thousand Dollars ($40,000.00) each commencing on May 17, 2018" [Purchase Agreement §2.1(f)] (collectively, "**Installment 2.1(f)**");

(g) "the further payment by 800[.Delaware LLC] to Ivester of cash in the amount of Five Hundred Thousand Dollars ($500,000.00), which amount shall be due on the date twenty-four (24) months following the Closing Date" [Purchase Agreement §2.1(g)] ("**Installment 2.1(g)**");

(h) "the further payment by 800[.Delaware LLC] to 800[.Florida Inc.] of cash in

the amount of Five Hundred Thousand Dollars ($500,000.00), which amount shall be due on the date twenty-four (24) months following the Closing Date" [Purchase Agreement §2.1(h)] ("**Installment 2.1(h)**");

(i) "the further payment by 800[.Delaware LLC] to 800[.Florida Inc.] of cash in the amount of Five Hundred Thousand Dollars ($500,000.00), which amount shall be due on the date thirty (30) months following the Closing Date" [Purchase Agreement §2.1(i)] ("**Installment 2.1(i)**"); and

(j) "on or before the Closing Date, . . . 800[.Delaware LLC] will agree to pay Ivester the economic equivalent of ownership of five percent (5%) [of 800.Delaware LLC]" [Purchase Agreement §2.4(b)] ("**Installment 2.4(b)**").

10. As applicable to the foregoing, Section 10.18 of the Purchase Agreement states that "[t]ime is of the essence of this Agreement."

11. Pursuant to that certain Personal Guaranty dated November 16, 2017 (the "**Personal Guaranty**", a copy of which is attached hereto (and is hereby incorporated herein) as Exhibit "B"), Westerdal personally guaranteed all payments, assumption of debt, and equity delivery under the Purchase Agreement to be paid (or granted, as applicable) by 800.Delaware LLC to Ivester or to 800.Florida, Inc. (as applicable); specifically, as pertinent to this claim:

(a) Installment 2.4(b), *i.e.* "a 5% Non-Member Equity Interest in 800[.Delaware] LLC, this 5% Equity Interest will be valued at $500,000 and this value will be personally guaranteed by Jay Westerdal due at closing" [Personal Guaranty §(c)];

(b) Installment 2.1(g), *i.e.* "the further payment by [800.Delaware LLC] to Ivester of cash in the amount of Five Hundred Thousand Dollars ($500,000.00), which amount shall be due on the date twenty-four (24) months following the Closing Date" [Personal Guaranty §(d)];

(c) Installment 2.1(h), *i.e.* "the further payment by [800.Delaware LLC] to 800[.Florida Inc.] of cash in the amount of Five Hundred Sixty-Five Thousand Dollars[1] [sic] ($500,000.00), which amount shall be due on the date twenty-four (24) months following the Closing Date"[Personal Guaranty §(e); and

(d) Installment 2.1(i), *i.e.* "the further payment by [800.Delaware LLC] to

---

[1] The corresponding payment amount description set forth in Section 2.1(h) of the Purchase Agreement states, "Five hundred Thousand Dollars ($500,000.00)".

*Chriscon Investments Ltd., et al. v. 800.Com LLC,* et al.
Case No. _____
Complaint

Page 4 of 15

800[.Florida Inc.] of cash in the amount of Five Hundred Sixty-Five Thousand Dollars[2] [sic] ($500,000.00), which amount shall be due on the date thirty-six (36) months[3] [sic] following the Closing Date" [Personal Guaranty §(f)].

12.     Upon information and belief, each of Ivester and 800.Florida Inc. timely conveyed to 800.Delaware LLC all their respective Assets and otherwise fulfilled all 'Seller' obligations under the Purchase Agreement.

13.     Subsequent to executing the Purchase Agreement, each of Seller and 800.Delaware LLC entered into a series of four (4) amendments to the Purchase Agreement, which purported to amend the Purchase Agreement as follows.

(a)     That certain First Amendment To Asset Purchase Agreement dated March 19, 2018 (the "**First Amendment**", a copy of which is attached hereto (and hereby incorporated herein) as Exhibit "C") amended, among other things, the due date for Installment 2.1(e) as well as reduced the total payment amount and corresponding installment due dates for Installment 2.1(f).

(b)     That certain Second Amendment To Asset Purchase Agreement dated June 6, 2018 (the "**Second Amendment**", a copy of which is attached hereto (and is hereby incorporated herein) as Exhibit "D"), which, among other things, confirmed that each of Installment 2.1(a), Installment 2.1(b), Installment 2.1(c), Installment 2.1(d), and Installment 2.1(e) "are current", and amended the due date for the first installment of Installment 2.1(f) to June 16, 2018.

(c)     That certain Third Amendment To Asset Purchase Agreement dated August 27, 2018 (the "**Third Amendment**", a copy of which is attached hereto (and is hereby incorporated herein) as Exhibit "E"), which, among other things, (**i**) ratified that the total payment amount due pursuant to Installment 2.1(f) is $1,275,000 as of August 27, 2018; (**ii**) set forth the schedule of due dates for the twenty seven (27) installment payments (consisting one (1) $50,000.00 payment due 8/27/2018; one (1) $250,000.00 payment due 8/30/2018; one (1) $500,000.00 payment due 9/15/2018; twenty three (23) payments of $20,000.00 each due each month from 9/25/2018 until 7/10/2020; and one (1) final payment of $15,000.00 due on 8/10/2020) to be made to fully satisfy Installment 2.1(f) during the time period from August

---

[2] The corresponding payment amount description set forth in Section 2.1(i) of the Purchase Agreement states, "Five hundred Thousand Dollars ($500,000.00)".

[3] The corresponding due date for payment set forth in Section 2.1(i) of the Purchase Agreement states "thirty (30) months".

Chriscon Investments Ltd., et al. v. 800.Com LLC, et al.
Case No. _____
Complaint

27, 2018 until August 10, 2020; **(iii)** redacted and otherwise eliminated 800.Delaware LLC's obligation to tender Installment 2.1(g); **(iv)** redacted and otherwise eliminated 800.Delaware LLC's obligation to tender Installment 2.1(h); **(v)** redacted and otherwise eliminated 800.Delaware LLC's obligation to tender Installment 2.1(i); and **(vi)** cancelled and otherwise eliminated 800.Delaware LLC's obligation to provide the 5% equity interest pursuant to Installment 2.4(b).

(d) That certain Fourth Amendment To Asset Purchase Agreement dated February 28, 2019[4] (the "**Fourth Amendment**", a copy of which is attached hereto (and is hereby incorporated herein) as Exhibit "F"), whereby, among other things, the total remaining payment due under Installment 2.1(f) was ratified to be "$210,000 (Two Hundred Thirty [sic] Thousand) as of February 28th 2019."

14. Thus, with respect to Installment 2.1(f), Installment 2.1(g), Installment 2.1(h), Installment 2.1(i), and Installment 2.4(b), the four (4) amendments to the Purchase Agreement modified the aggregate amount of such Installments as described in the following chart:

| Document: | Installment 2.1(f): | Installment 2.1(g): | Installment 2.1(h): | Installment 2.1(i): | Installment 2.4(b): | Aggregate Total: |
|---|---|---|---|---|---|---|
| Purchase Agreement | $720,000.00 (18 pmts. of $40,000.00 starting on 5/17/2018) | $500,000.00 (due 11/17/2019) | $500,000.00 (due 11/17/2019) | $500,000.00 (due 5/17/2020) | 5% equity (valued at not less than $500,000.00) | $2,220,000.00 plus 5% equity distributions |
| First Amendment | $600,000.00 (15 pmts. of $40,000.00 starting on 7/17/2018) | $500,000.00 (due 11/17/2019) | $500,000.00 (due 11/17/2019) | $500,000.00 (due 5/17/2020) | 5% equity (valued at not less than $500,000.00) | $2,100,000.00 plus 5% equity distributions |
| Second Amendment | $600,000.00 (15 pmts. of $40,000.00 starting on 6/16/2018) | $500,000.00 (due 11/17/2019) | $500,000.00 (due 11/17/2019) | $500,000.00 (due 5/17/2020) | 5% equity (valued at not less than $500,000.00) | $2,100,000.00 plus 5% equity distributions |
| Third Amendment | $1,275,000.00 (27 pmts. of varying amounts starting on 8/27/2018 and | Redacted and eliminated | Redacted and eliminated | Redacted and eliminated | Terminated, cancelled, and eliminated | $1,275,000.00 |

---

[4] Confusingly, while, in the Preamble of the Fourth Amendment, it states that the document "is executed and entered into this 28th day of February, 2019", Seller's signature block contains a date of "Feb[.] 28th 2018", and 800.Delaware LLC's signature block contains a date of "August 28th 2018".

Chriscon Investments Ltd., et al. v. 800.Com LLC, et al.
Case No. _____
Complaint

| Document: | Installment 2.1(f): | Installment 2.1(g): | Installment 2.1(h): | Installment 2.1(i): | Installment 2.4(b): | Aggregate Total: |
|---|---|---|---|---|---|---|
| | ending on 8/10/2020) | | | | | |
| Fourth Amendment | $210,000.00 (ratified as total remaining due - $190,000.00 due on 3/1/2019, and $20,000.00 due on 3/10/2019) | N/A | N/A | N/A | N/A | N/A |

Accordingly, by entering into each of the four (4) amendments to the Purchase Agreement, **and provided that all installments were timely delivered**, Seller agreed to a **significant decrease in the total consideration to be paid** by 800.Delaware LLC – a decrease in the total purchase price of $945,000.00 - **plus the relinquishment of all distributions** in connection with the 5% equity interest in 800.Delaware LLC that was pledged to Ivester by 800.Delaware LLC.

15.   As further evidence of the critical importance of timely payment in exchange for Seller's agreement to significantly decrease the total amount of consideration to be paid by 800.Delaware LLC, subsequent to, but on the same day as, his execution of the Third Amendment, on August 27, 2018 at 3:08 p.m., Westerdal, on behalf of each of Defendants, sent an email to Ivester which amended the Third Amendment by indicating the critical importance of timely delivery of installment payments, which has in its subject line the word "Agreement" (the "**Westerdal Amendment**", a copy of which is attached hereto (and is hereby incorporated herein) as Exhibit "G"), whereby Westerdal stated and agreed as follows:

> I Jay Westerdal agree to the following. If for any reason the Third Amendment to the [Asset Purchase Agreement] dated 11/17/2017 payment on September 20, 2018 payment of $550,000 does not get made to Steven Ivester by September 25th 2018 **then the Third Amendment to the [Asset Purchase Agreement] dated 11/17/2017 will be considered by both Parties, Jay [W]esterdal and Steven Ivester as null and void**, and any advanced payments made on the Third Amendment to the [Asset Purchase Agreement] dated 11/17/2017 will be deducted from the next sequence of $40,000 monthly payments. [signed] Agreed Jay Westerdal Monday August 27th 2018

(emphasis added). Seller accepted and relied upon the Westerdal Amendment to its detriment, and it would certainly work an inequity upon Seller to refuse to enforce the Westerdal Amendment while, at the same time, allowing Defendants to retain the benefit of the Third Amendment.

16.   When payment of the full amount of the $500,000.00 payment that was due on September 15, 2018 under the Third Amendment was not timely received, on October 9, 2018, Seller's attorney sent a letter

Chriscon Investments Ltd., et al. v. 800.Com LLC, et al.
Case No. _____
Complaint

(the "**Seller Demand Letter**", a copy of which is attached hereto (and is hereby incorporated herein) as <u>Exhibit "H"</u>) to 800.Delaware LLC's and Westerdal's attorney stating, among other things, that:

> [w]ith respect to the September 15, 2018 payment . . . **your clients remitted part of the payment**. My clients afforded your clients until September 25, 2018 to remit the remaining $400,000 which was due as of September 15, 2018. When no payment was received, my clients notified you and Mr. Westerdal on October 3, 2018 that the payment had not been received. **As a result, the third amendment, which affords your client a significant financial concession relative to the total purchase price under the asset purchase agreement, would be null and void**

<u>Id</u> ¶2 (emphasis added). After observing that the full amount of the 9/15/2018 payment had still not been received despite Seller's agreement to provide an additional extension until October 9, 2018, the Seller Demand Letter then stated that:

> [m]y clients have authorized me to provide one final notice. Remit all monies owed under the third amendment schedule to date ($400,000 remaining for September 15, 2018) by 5:00p.m. on Friday, October 11, 2018. **If we do not receive said payment, my client has authorized this office to pursue all available legal remedies**, which will include monetary damages, interest, costs, attorney fees, declaratory relief, to the fullest extent allowed by law

<u>Id</u>. ¶4 (emphasis added).

17. However, notwithstanding (**a**) the 'significant financial concessions' granted by Seller for timely adherence to the payment provisions set forth in the Third Amendment; (**b**) Seller's agreement to extend the Third Amendment's due date for payment of the balance of the outstanding $400,000.00 from September 15, 2018 until October 3, 2018, and then further until October 9, 2018, and, finally, still further until October 11, 2018; and (**c**) Westerdal's express acknowledgment, full understanding, and unconditional agreement in the Westerdal Amendment that his failure to timely deliver such outstanding balance will cause the Third Amendment "to be considered by both Parties . . . as null and void", **neither 800.Delaware LLC nor Westerdal delivered nor caused timely delivery to 800.Florida Inc. of the full amount of the outstanding $400,000.00 demanded in the Seller Demand Letter**.

18. Importantly, due to Defendants' failure to timely deliver (or cause delivery of) the full amount of the outstanding $400,000.00 portion of the September 15, 2018 installment, after continued failure notwithstanding Seller providing three (3) extensions to 800.Delaware LLC for timely delivery of the full amount of such payment, the Third Amendment became – as was expressly agreed by Westerdal in the Westerdal Amendment – "null and void", and, accordingly: (**a**) the unpaid portion of the $720,000.00 pursuant to Installment 2.1(f) was simultaneously reinstated and became due to 800.Florida Inc. in accordance with Section 2.1(f) of the Purchase Agreement; (**b**) the $500,000.00 payment pursuant to Installment 2.1(g) was simultaneously reinstated and became due to Ivester as of November 17, 2019 in accordance with Section 2.1(g) of the Purchase Agreement; (**c**) the $500,000.00 payment pursuant to Installment 2.1(h) was

<u>Chriscon Investments Ltd.</u>, et al. v. <u>800.Com LLC</u>, et al.
Case No. _____
Complaint

Page 8 of 15

simultaneously reinstated and became due to 800.Florida Inc. as of November 17, 2019 in accordance with Section 2.1(h) of the Purchase Agreement; (**d**) the $500,000.00 payment pursuant to Installment 2.1(i) was simultaneously reinstated and became due to 800.Florida Inc. as of May 18, 2019 in accordance with Section 2.1(i) of the Purchase Agreement; and (**e**) all distributions related to the economic equivalent of five percent (5%) equity interest in 800.Delaware LLC pursuant to Installment 2.4(b) (and valued at not less than $500,000.00 pursuant to the Personal Guaranty) (the foregoing clause (e) is, collectively, the "**Equity Distributions**") was similarly reinstated and became due in accordance with the Purchase Agreement.

19. Upon information and belief, aggregate payments totaling the reinstated payment amounts for Installment 2.1(g), Installment 2.1(h), and Installment 2.1(i), as well any and all Equity Distributions pursuant to Installment 2.4(b), together with the amount of the 'Termination Amount' set forth in Section 4.2 of the 'Equity Agreement' attached as an exhibit to the Purchase Agreement, still remain due and unpaid.

20. On or about November 10, 2019, each of Ivester and Bigmansland, Inc., a Delaware corporation ("**Bigmansland**", the successor-in-interest to 800.Florida Inc.), collectively as 'assignor', and the Plaintiffs, collectively as 'assignee', entered into that certain Assignment Agreement (the "**Assignment Agreement**", a copy of which is attached hereto (and is hereby incorporated herein) as Exhibit "I"), whereby, in exchange for certain cash payments tendered by each of the Plaintiffs to Seller, each of Ivester and Bigmansland (collectively as Seller) assigned to the Plaintiffs (in accordance with a certain percentage applicable to each Plaintiff): (**a**) all Seller's respective right(s), title(s), interest(s), and choses of action in and to any and all outstanding payments pursuant to Installment 2.1(g), Installment 2.1(h), and Installment 2.1(i); (**b**) all Ivester's right(s), title(s), interest(s), and choses of action in and to the Equity Distributions pursuant to Installment 2.4(b); and (**c**) all Seller's respective right(s), title(s), interest(s), and choses of action in and to the 'Termination Amount' set forth in Section 4.2 of the 'Equity Agreement' attached as an exhibit to the Purchase Agreement.

21. Further, pursuant to the Assignment Agreement, Ivester irrevocably granted to each of the Plaintiffs (according to their respective percentages) a limited power of attorney to pursue any and all choses of action as necessary in order to recover all such assigned right(s), title(s), and interest(s) under the Assignment Agreement.

22. Pursuant to the Assignment Agreement, Seller made the following representations to the Plaintiffs: (**a**) all portions of the Third Amendment are null, void, and otherwise unenforceable; and (**b**) neither Ivester nor Bigmansland (nor their respective agent(s)) has performed or failed to perform any act, executed any document or instrument, or permitted or otherwise allowed any portion of the Third Amendment to become effective or enforceable by Defendants.

23. Relying on the express representations set forth in the Assignment Agreement, on or about

Chriscon Investments Ltd., et al. v. 800.Com LLC, et al.
Case No. _____
Complaint

Page 9 of 15

June 25, 2020, Plaintiff caused a letter to be forwarded to each of 800.Delaware LLC, Westerdal, and Defendants' attorney (the "**Plaintiffs Demand Letter**", a copy of which is attached hereto (and is hereby incorporated herein) as Exhibit "J"), whereby, among other things, Plaintiffs informed Defendants about the Assignment Agreement and demanded payment of all outstanding amounts due to Seller under the Purchase Agreement.

24. As of date of filing of this Complaint, there remain outstanding and unpaid payments under the Purchase Agreement in the aggregate amount totaling: (**a**) Installment 2.1(g), Installment 2.1(h), and Installment 2.1(i); (**b**) any and all Equity Distributions pursuant to Installment 2.4(b); and (**c**) the amount of the 'Termination Amount' set forth in Section 4.2 of the 'Equity Agreement' attached as an exhibit to the Purchase Agreement.

25. All conditions precedent to the bringing of this action and the filing of this Complaint have occurred, have been satisfied, or have been waived.

IV.   FIRST CAUSE OF ACTION: BREACH OF CONTRACT (AGAINST 800.DELAWARE LLC).

26. Each and every allegation and Exhibit set forth in, attached to, and otherwise referenced in, Section III of this Complaint (titled 'Facts Common To All Causes of Action') is hereby incorporated and otherwise adopted hereto as if fully set forth herein.

27. Each of Seller and 800.Delaware LLC entered into the Purchase Agreement, whereby, among other things, Seller agreed to convey all Seller's respective right(s), title(s), and interest(s) in and to the Assets to 800.Delaware LLC, and, in exchange therefor, 800.Delaware LLC agreed to timely and fully deliver all payments, the Equity Distributions pursuant to Installment 2.4(b), and other items of value under the Purchase Agreement to Seller.

28. Seller timely provided to 800.Delaware LLC the Assets and satisfied all other Seller's obligations under the Purchase Agreement (as so amended).

29. 800.Delaware LLC accepted all the Assets and the benefits of all other Seller's obligations under the Purchase Agreement, and 800.Delaware LLC has ever indicated to Seller or to any other person or entity that Seller's delivery of the Assets and satisfaction of all other Seller's obligations under the Purchase Agreement was deficient, defective, or otherwise not in compliance with all applicable terms and conditions of the Purchase Agreement (as so amended).

30. 800.Delaware LLC has failed, refused, or neglected to timely and fully deliver to Seller all installment payments, any and all Equity Distributions pursuant to Installment 2.4(b), and all other items of value under the Purchase Agreement (as so amended), despite the delivery to 800.Delaware LLC of proper notice and demand therefor.

31. Pursuant to the Assignment Agreement, Seller assigned to Plaintiffs all Seller's respective right(s), title(s), interest(s), and choses of action in and to any and all unpaid and outstanding installment

Chriscon Investments Ltd., et al. v. 800.Com LLC, et al.
Case No. _____
Complaint

Page 10 of 15

payments, all unpaid Equity Distributions pursuant to Installment 2.4(b), and all other unpaid or un-delivered items of value under the Purchase Agreement (as so amended), and irrevocably granted to Plaintiffs a limited power of attorney to pursue any and all choses of action as so necessary.

32. Thus, 800.Delaware LLC owes to Plaintiffs all outstanding and unpaid installment payments, all unpaid Equity Distributions pursuant to Installment 2.4(b), and all other unpaid or un-delivered items of value under the Purchase Agreement (as so amended), and, although demand for such payments and such distributions related to the equity interest has been properly made by each of Seller and Plaintiffs, 800.Delaware has failed, refused, or otherwise neglected to deliver (or cause to be delivered) to Plaintiffs any and all of such outstanding and unpaid installment payments, any and all unpaid Equity Distributions pursuant to Installment 2.4(b), and other unpaid or un-delivered items of value under the Purchase Agreement (as so amended).

33. All conditions precedent to the bringing of this action and the filing of this Complaint have occurred, have been satisfied, or have been waived.

34. Plaintiffs are obligated to pay all reasonable attorneys' fees and costs arising from this action.

WHEREFORE, Plaintiffs hereby respectfully requests that this Honorable Court hold that 800.Delaware LLC is in breach of the Purchase Agreement, issue a judgment against 800.Delaware LLC in the aggregate amount of any and all of such outstanding and unpaid installment payments, any and all unpaid Equity Distributions pursuant to Installment 2.4(b), and all other items of value under the Purchase Agreement (as so amended), plus costs and fees, together with all reasonable attorneys' fees and costs incurred by Plaintiffs in this action, together with such additional relief as this Honorable Court shall deem equitable, just, and proper.

V. <u>SECOND CAUSE OF ACTION: UNJUST ENRICHMENT (AGAINST 800.DELAWARE LLC)</u> (**IN THE ALTERNATIVE**).

35. Each and every allegation and Exhibit set forth in, attached to, and otherwise referenced in, <u>Section III</u> of this Complaint (titled 'Facts Common To All Causes of Action') is hereby incorporated and otherwise adopted hereto as if fully set forth herein.

36. If Plaintiffs do not prevail on their legal remedies such as breach of contract, Plaintiffs will lack an adequate remedy at law, so this cause of action is in the alternative pursuant to Rule 8(a)(3) of the Federal Rules of Civil Procedure (which is applicable to Florida law, *see, e.g.* <u>Thunderwave, Inc. v. Carnival Corp.</u>, 954 F. Supp. 1562 (U.S. Dist. Ct., S.D. Fla. 1997) ("under Federal Rule of Civil Procedure 8(e)([3]) a party may set forth inconsistent or alternative claims in a single complaint." <u>Id</u>. at 1566).

37. Each of Seller and 800.Delaware LLC were fully aware that Seller would deliver the Assets and satisfy all other Seller's obligations under the Purchase Agreement, and, in exchange therefor, 800.Delaware would timely pay all installment payments, grant and pay the Equity Distributions pursuant to Installment 2.4(b), and deliver all other items of value required under the Purchase Agreement, as just

<u>Chriscon Investments Ltd., et al. v. 800.Com LLC, et al.</u>
Case No. _____
Complaint

Page 11 of 15

compensation for Seller's delivery and performance.

38. The Assets and satisfaction of all other Seller's obligations under the Purchase Agreement directly and expressly benefit 800.Delaware LLC.

39. Seller timely delivered to 800.Delaware LLC all Assets and satisfied all other Seller's obligations under the Purchase Agreement.

40. 800.Delaware LLC knew that Seller had delivered all Assets and satisfied all other Seller's obligations under the Purchase Agreement, and also knew and was otherwise aware that Seller expected just compensation for such delivery and satisfaction.

41. 800.Delaware LLC voluntarily accepted, without dispute, reservation, claim, or condition, and directly benefitted from, Seller's delivery of the Assets and satisfaction of all other Seller's obligations under the Purchase Agreement.

42. 800.Delaware LLC refused, failed, and otherwise neglected to pay to Seller all installment payments, grant and pay all Equity Distributions pursuant to Installment 2.4(b), and otherwise satisfy all 800.Delaware LLC's other obligations under the Purchase Agreement, which, collectively, were just compensation for delivery of the Assets and satisfaction of all other Seller's obligations under the Purchase Agreement, despite the delivery to 800.Delaware LLC of proper notice and demand therefor.

43. As a result of 800.Delaware LLC's refusal, failure, and neglect to timely pay to Seller all outstanding, due, and payable installment payments, grant and pay all Equity Distributions pursuant to Installment 2.4(b), and otherwise satisfy all 800.Delaware LLC's other obligations under the Purchase Agreement, 800.Delaware LLC has been unjustly enriched by receipt and enjoyment of such Seller's delivery and obligations satisfaction so rendered without full payment, for which payment and granting was expected and duly requested.

44. It is inequitable for 800.Delaware LLC to retain all benefits so rendered by Seller to 800.Delaware LLC without paying and granting the fair value for such enrichment. If the Westerdal Amendment is somehow deemed invalid or unenforceable, it would be inequitable for Defendants to retain the benefit of the Third Amendment without providing the conditional consideration that was memorialized in the Westerdal Amendment and was relied upon by Seller to its detriment.

45. Accordingly, the fair value of such enrichment is the aggregate total of all outstanding and unpaid installment payments under the Purchase Agreement, the granting and payment of all Equity Distributions pursuant to Installment 2.4(b), and satisfaction of all other 800.Delaware LLC's obligations under the Purchase Agreement.

46. Pursuant to the Assignment Agreement, Seller assigned to Plaintiffs all Seller's respective right(s), title(s), interest(s), and choses of action in and to any and all installment payments, all unpaid Equity

Distributions pursuant to Installment 2.4(b), and all other items of value under the Purchase Agreement (as so amended), and irrevocably granted to Plaintiffs a limited power of attorney to pursue any and all choses of action as necessary.

47. Thus, 800.Delaware LLC owes to Plaintiffs the fair value of all outstanding and unpaid installment payments, all unpaid Equity Distributions pursuant to Installment 2.4(b), and satisfaction of all other 800.Delaware LLC's obligations under the Purchase Agreement.

48. All conditions precedent to the bringing of this action and the filing of this Complaint have occurred, have been satisfied, or have been waived.

49. Plaintiffs are obligated to pay all reasonable attorneys' fees and costs arising from this action.

WHEREFORE, Plaintiffs hereby respectfully requests that this Honorable Court hold that 800.Delaware LLC has been unjustly enriched by the aggregate total of all outstanding and unpaid installment payments, all unpaid Equity Distributions pursuant to Installment 2.4(b), and the economic value of satisfaction of all other 800.Delaware LLC's obligations under the Purchase Agreement, issue a judgment against 800.Delaware LLC in the aggregate amount of the fair value of the foregoing, plus interest and costs, together with all reasonable attorneys' fees and costs incurred by Plaintiffs in this action, together with such additional relief as this Honorable Court shall deem equitable, just, and proper.

## VI. THIRD CAUSE OF ACTION: ENFORCEMENT OF PERSONAL GUARANTY (AGAINST WESTERDAL).

50. Each and every allegation and Exhibit set forth in, attached to, and otherwise referenced in, Section III of this Complaint (titled 'Facts Common To All Causes of Action') is hereby incorporated and otherwise adopted hereto as if fully set forth herein.

51. Pursuant to the Personal Guaranty, Westerdal stated that: **(a)** "I, Jay Westerdal . . . hereby personally guarantee to you the payment of any obligation of 800[.Delaware LLC] . . . to Steven Ivester and 800[.Florida Inc.] under the Asset Purchase Agreement"; **(b)** "[i]t is understood that this guaranty shall be a continuing and irrevocable guaranty, and indemnity for such indebtedness of [800.Delaware LLC]"; and **(c)** "I do hereby waive notice of default, nonpayment and notice thereof".

52. 800.Delaware LLC has failed, refused, or neglected to timely and fully deliver to Seller all outstanding and unpaid installment payments, pay all unpaid Equity Distributions pursuant to Installment 2.4(b), and satisfy all other 800.Delaware LLC's obligations under the Purchase Agreement (as so amended), despite the delivery to Defendants of proper notice and demand therefor.

53. Pursuant to the Personal Guaranty, Westerdal is liable to Seller for the payment of any and all unpaid payments and unperformed obligations of 800.Delaware LLC under the Purchase Agreement.

54. Pursuant to the Assignment Agreement, Seller assigned to Plaintiffs all Seller's respective

Chriscon Investments Ltd., et al. v. 800.Com LLC, et al.
Case No. _____
Complaint

Page 13 of 15

right(s), title(s), interest(s), and choses of action in and to any and all installment payments, all unpaid Equity Distributions pursuant to Installment 2.4(b), and all other items of value under the Purchase Agreement (as so amended), and irrevocably granted to Plaintiffs a limited power of attorney to pursue any and all choses of action as necessary.

55. Accordingly, Westerdal is liable to Plaintiffs for the payment of all outstanding and unpaid installment payments, all unpaid Equity Distributions pursuant to Installment 2.4(b), and satisfaction of all other 800.Delaware LLC's obligations under the Purchase Agreement (as so amended).

WHEREFORE, Plaintiffs hereby respectfully requests that this Honorable Court hold that Westerdal is liable to Plaintiffs for the payment of all outstanding and unpaid installment payments, all unpaid Equity Distributions pursuant to Installment 2.4(b), and the economic value of satisfaction of all other 800.Delaware LLC's obligations under the Purchase Agreement (as so amended), issue a judgment against Westerdal in the aggregate amount of any and all of such outstanding and unpaid installment payments, all unpaid Equity Distributions pursuant to Installment 2.4(b), and the economic value of satisfaction of all other 800.Delaware LLC's obligations under the Purchase Agreement (as so amended) together with all attorneys' fees and costs incurred by Plaintiffs in this action, together with such additional relief as this Honorable Court shall deem equitable, just, and proper.

## VII. DEMAND FOR ATTORNEYS' FEES AND COSTS.

56. Due to Defendants' refusal to tender and otherwise deliver all outstanding unpaid payments, the economic equivalent of equity interest, and other amounts due under the Purchase Agreement to Plaintiffs, Plaintiffs have been forced to retain the undersigned attorney in order to represent them in the instant action.

57. Plaintiff is, and will be, required to pay such undersigned attorney certain agreed fees and costs pursuant to representation in the instant action.

58. Section 57.105(7) of the Florida Statutes provides that "[i]f a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract."

59. Section 10.1 of the Purchase Agreement provides in pertinent part that: "in the event of any action or proceeding to interpret or enforce this [Purchase] Agreement, the prevailing Party in such action or proceeding (i.e. the Party who, in light of the issues contested or determined in the action or proceeding, was more successful) shall be entitled to have and recover from the non-prevailing Party such costs and expenses, including all court costs and reasonable attorneys' fees, as the prevailing Party may incur in the pursuit or defense thereof."

WHEREFORE, Plaintiffs hereby respectfully requests that this Honorable Court hold that Defendants are jointly and severally liable to Plaintiffs for the payment of all outstanding and unpaid installment payments,

all unpaid Equity Distributions pursuant to Installment 2.4(b), and the economic value of all Defendant's satisfaction all unperformed obligations under the Purchase Agreement (as so amended), issue a judgment against Defendants in the aggregate amount of any and all of such outstanding and unpaid installment payments, all unpaid Equity Distributions pursuant to Installment 2.4(b), and the economic value of all Defendant's satisfaction all unperformed obligations under the Purchase Agreement (as so amended) plus interest and costs thereon, together with all reasonable attorneys' fees and costs incurred by Plaintiffs in this action, together with such additional relief as this Honorable Court shall deem equitable, just, and proper.

Date: December 10, 2020

Respectfully submitted:

/s/ *Leonard O. Townsend*

Leonard O. Townsend, Esq.
*Attorney for Plaintiffs*
  Florida Bar No.: 0013061
  Post Office Box 481143
  Delray Beach, Florida 33448
  Tel: (561) 613-8763
  Principal Service Email: lentownsend@ltownsendlaw.com
  Secondary Service Email: lentownsend@gmail.com

Attachments (each of which are hereby incorporated herein were initially described):

Exhibit "A": Copy of the Purchase Agreement
Exhibit "B": Copy of the Personal Guaranty
Exhibit "C": Copy of the First Amendment
Exhibit "D": Copy of the Second Amendment
Exhibit "E": Copy of the Third Amendment
Exhibit "F": Copy of the Fourth Amendment
Exhibit "G": Copy of the Westerdal Amendment
Exhibit "H": Copy of the Seller Demand Letter
Exhibit "I": Copy of the Assignment Agreement
Exhibit "J": Copy of the Plaintiffs Demand Letter