UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION

| | |
|---|---|
| **CHRISCON INVESTMENTS LTD**, a corporation incorporated under the Canada Business Corporations Act; **GOULCO HOLDINGS INC.**, a corporation incorporated under the Canada Business Corporations Act; **GOUGAV INVESTMENTS INC.**, a corporation incorporated under the Canada Business Corporations Act; and **9290-2493 QUEBEC INC.**, a corporation incorporated under the Quebec Business Corporations Act,<br><br>*Plaintiffs,*<br><br>vs.<br><br>**800.COM, LLC,** a Delaware limited liability company; and **JAY WESTERDAL,** a natural person,<br><br>*Defendants.* | **CASE NO.: 2020-cv-62550-RS**<br>**JURY TRIAL: NO** |

## MOTION TO DISMISS

Defendants, **800.COM, LLC**, a Delaware limited liability company ("800.Delaware LLC") and **JAY WESTERDAL** ("Westerdal") (collectively, "Defendants") move to dismiss the Complaint filed by Plaintiffs, **CHRISCON INVESTMENTS LTD**, a corporation incorporated under the Canada Business Corporations Act ("Chriscon"); **GOULCO HOLDINGS INC.**, a corporation incorporated under the Canada Business Corporations Act ("Holdings"); **GOUGAV INVESTMENTS INC.**, a corporation incorporated under the Canada Business Corporations Act ("Investments"); and **9290-2493 QUEBEC INC.**, a corporation incorporated under the Quebec Business Corporations Act ("Quebec") (collectively, "Plaintiffs") and state:

1

## INTRODUCTION

The Complaint arises out of an alleged breach of an Asset Purchase Agreement (the "APA") between **STEVEN IVESTER** ("Ivester") and **800.COM, INC.**, a Florida corporation, ("800.Florida") as sellers (collectively "Sellers"), and 800.Delaware LLC, as buyer. Plaintiffs, various Canadian entities, bring the instant action as sellers' purported assignee pursuant to an Assignment attached as Exhibit "I" to the Complaint. The APA, however, precludes the parties from assigning the APA or their "rights, interests, or obligations hereunder" without the prior written approval by all parties. Here, no such approval was attached to the Complaint nor does it exist. Plaintiffs, therefore, lack standing to bring this action and the Complaint must be dismissed.

## BACKGROUND

On or about November 17, 2017, Sellers and 800.Delaware LLC, as buyer, entered the APA, a true and correct copy of which is attached to Plaintiffs' Complaint as Exhibit "A". *See Affidavit of Jay Westerdal attached as Exhibit "1"*. On or about the same date, Westerdal executed a Personal Guaranty, a true and correct copy of which is attached to Plaintiffs' Complaint as Exhibit "B", which guaranteed payment to Sellers. *Id*. Plaintiffs were not parties to the APA or the guaranty. *Id*.

Paragraph 10.5 of the APA contains a provision prohibiting assignment of the APA or any interests stemming from the APA absent prior written approval of all the parties. In pertinent part, Paragraph 10.5 unambiguously states: "None of the Parties may assign either this Agreement or any of its rights, interests or obligations hereunder without the prior written approval of all Parties…" *See Exhibit "A" to Plaintiffs' Complaint*.

Neither Ivester nor 800.Florida ever sought prior written approval with respect to the Assignment attached to the Complaint as Exhibit "I". Nor would Defendants have given written approval of an assignment. *See Exhibit "1"*.

## ARGUMENT AND MEMORANDUM OF LAW

### I. Legal Standard

In order to have standing, there must be alleged "an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Stalley ex re. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004)). A defendant can challenge a plaintiff's standing on a motion to dismiss. *Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 878 (11th Cir. 2000).

"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." *Stalley* at 1232. A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either a facial or factual attack. *Id*.

"A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." *Id*. at 1232-33. Written instruments attached to a pleading are a part of the pleading for all purposes. Fed. R. Civ. P. 10(c). If "there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." *Richardson v. Route 1, Inc.*, No. 8:12-cv-2888-T-33TBM, 2013 WL 2396053, at *3 (M.D. Fla. May 31, 2013) (granting motion to dismiss for lack of standing). On a "facial challenge, [t]he [c]ourt looks to the Complaint to determine if jurisdiction is appropriate, and Plaintiff bears the

3

burden of alleging sufficient facts to show that she meets the standing requirement." *Neforos v. Cooper Vision, Inc.*, No. 2016 WL 7206079, at *2 (M.D. Fla. Sept. 28, 2016).

"By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Stalley* at 1233. In a factual attack, "[n]o presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. In short, when a party mounts a factual attack, a district court is free to independently weigh facts, and may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56." *MSPA Claims 1, LLC v. Scottsdale Ins. Co.*, 352 F. Supp. 3d 1234, 1238 (S.D. Fla. 2018) (citations and quotations omitted).

In the instant case, Defendants attack Plaintiffs' Complaint both facially and factually.

**II.     Given the lack of prior written approval of the Assignment, Plaintiffs lack standing.**

"Although [an assignor] suffered an injury-in-fact, [the assignee] only has standing if it was validly assigned the right to sue to vindicate that injury." *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1318 (11th Cir. 2019). "If a valid assignment confers standing, an invalid assignment defeats standing." *Id*. (citation omitted). "In construing assignments, the court must determine (1) exactly what has been assigned to make certain that the plaintiff-assignee is the real party in interest, and (2) that a valid assignment has been made." *Univ. Creek Assocs., II, Ltd. v. Boston Am. Fin.. Grp., Inc.*, 100 F. Supp. 2d 1337, 1339 (S.D. Fla. 1998). "The validity of an assignment is important for the purpose of determining whether an action should be dismissed." *Id*. (quotation marks omitted).

In general, "contracts are assignable unless forbidden by the terms of the contract, or unless the assignment would violate some rules of public policy or statute, or unless the terms of the

contract are such as to show reliance on the personal credit of the purchaser." *Id*. (citation omitted). "[I]t is clear that contractual provisions against assignability are generally enforceable in Florida." *In re Freeman*, 232 B.R. 497, 501 (Bankr. M.D. Fla. 1999).

Here, the APA unambiguously prohibits any assignment absent prior written approval. The face of the Complaint does not evidence any such prior written approval. Nor could it; none existed. This Court has held that a plaintiff lacks standing where an assignment in favor of Plaintiff to prosecute the action was not approved as contractually required. *MSPA Claims 1, LLC v. Scottsdale Ins. Co.*, 352 F. Supp. 3d 1234, 1239–40 (S.D. Fla. 2018). Because the Assignment was not validly approved, it does not confer standing to Plaintiffs. As such, Plaintiffs' Complaint must be dismissed.

WHEREFORE, Defendants request this Court dismiss Plaintiffs' Complaint and provide any such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
**JENNIFER L. GROSSO, ESQ.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to **LEONARD O. TOWNSEND, ESQ.,** Post Office Box 481143, Delray Beach, Florida 33448 (lentownsend@ltownsendlaw.com; lentownsend@gmail.com), on this 20th day of January, 2021.

**BENTLEY LAW FIRM, P.A.**

*[signature]*

**JENNIFER L. GROSSO, ESQ.**
Florida Bar No. 637815
**BRIAN D. GOODRICH, ESQ.**
bgoodrich@thebentleylawfirm.com
Florida Bar #0106948
783 S. Orange Avenue, Suite 300
Sarasota, Florida 34236
Telephone: (941) 556-9030
Attorneys for the Defendant
Jbradley@thebentleylawfirm.com
vengel@thebentleylawfirm.com
eserve@thebentleylawfirm.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CIVIL DIVISION**

| | |
|---|---|
| **CHRISCON INVESTMENTS LTD**, a corporation incorporated under the Canada Business Corporations Act; **GOULCO HOLDINGS INC.**, a corporation incorporated under the Canada Business Corporations Act; **GOUGAV INVESTMENTS INC.**, a corporation incorporated under the Canada Business Corporations Act; and **9290-2493 QUEBEC INC.**, a corporation incorporated under the Quebec Business Corporations Act,<br><br>*Plaintiffs,*<br><br>vs.<br><br>**800.COM, LLC**, a Delaware limited liability company; and **JAY WESTERDAL**, a natural person,<br><br>*Defendants.* | **CASE NO.: 2020-cv-62550-RS**<br>**JURY TRIAL: NO** |

## AFFIDAVIT OF JAY WESTERDAL IN SUPPORT OF MOTION TO DISMISS

STATE OF  FLORIDA

COUNTY OF  SARASOTA

BEFORE ME, the undersigned authority, personally appeared **JAY WESTERDAL**, who, being first duly sworn, deposes and says:

1. I am over 18 years of age and qualified to make this Affidavit.

2. I have personal knowledge of the facts contained herein which are true and correct.

3. I am the Managing Member and Chief Executive Officer of 800.COM, LLC, a Delaware limited liability company ("800.Delaware LLC").

4. On or about November 17, 2017, **STEVEN IVESTER** ("Ivester") and **800.COM, INC.**, a Florida corporation ("800.Florida"), as sellers and 800.Delaware LLC, as buyer, entered the APA, a true and correct copy of which is attached to Plaintiffs' Complaint as Exhibit "A"

5. On or about the same date, I executed a Personal Guaranty, a true and correct copy of which is attached to Plaintiffs' Complaint as Exhibit "B", which guaranteed payment to Sellers.

6. Plaintiffs were not parties to the APA or the guaranty.

7. Neither Ivester nor 800.Florida ever sought prior written approval with respect to the Assignment attached to the Complaint as Exhibit "I".

8. In fact, neither Ivester nor 800.Florida ever mentioned a possible assignment to me.

9. Had Ivester and/or 800.Florida sought prior written approval to assign the APA, I would not have consented.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
**JAY WESTERDAL**

STATE OF _FLORIDA_

COUNTY OF _SARASOTA_

Sworn to and subscribed before me by means of ____ physical presence or _X_ online notarization this 20th day of January 2021 by **JAY WESTERDAL**, who is personally known to me or produced _Washington State Drivers License_ as identification.

_____
Notary Public

_VICTORIA ENGEL_
Printed Name of Notary Public

VICTORIA ENGEL
Commission # GG 919852
Expires October 6, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

My commission expires:

800.COM, LLC, a Delaware limited liability company

By: JAY WESTERDAL
Its: Managing Member and CEO

STATE OF FLORIDA

COUNTY OF SARASOTA

Sworn to and subscribed before me by means of ____ physical presence or ✗ online notarization this 20th day of January 2021 by **JAY WESTERDAL as Managing Member and CEO of 800.COM, LLC,** a Delaware limited liability company, who is personally known to me or produced Washington State drivers license as identification.

Notary Public

VICTORIA ENGEL
Printed Name of Notary Public

My commission expires:



VICTORIA ENGEL
Commission # GG 919852
Expires October 6, 2023
Bonded Thru Troy Fain Insurance 800-385-7019