UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62550-CIV-SMITH

CHRISCON INVESTMENTS, LTD., *et al.*,

    Plaintiffs,

v.

800.COM, LLC, *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Dismiss [DE 5] and Plaintiffs' Response in Opposition [DE 6]. Defendant did not file a reply. For the reasons that follow, Defendants' Motion to Dismiss is DENIED.

**I.   THE COMPLAINT**

This case arises from an alleged breach of contract. On November 17, 2017, Steven Invester ("Invester") and 800.COM, INC. ("800.FLORIDA") (collectively, the "Sellers") entered into an Asset Purchase Agreement [DE 1-2, 1-3] (the "Purchase Agreement") with 800.COM, LLC ("800.DELAWARE") as the buyer. (Compl. ¶ 9.) On November 16, 2017, Jay Westerdale ("Westerdale") executed a Personal Guaranty (the "Personal Guaranty"), in which he personally guaranteed payment to Sellers. (*Id.* ¶ 11.) The Purchase Agreement, in relevant part, provides that

> 10.5. Succession and Assignment. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and permitted assigns. None of the Parties may assign either this Agreement or any of its rights, interests or obligations hereunder without the prior written approval of all Parties; provided, however, that Buyer shall be permitted to assign any of its rights hereunder to one

>or more of its Affiliates, as designated by Buyer in writing to Seller, and provided, further, Buyer shall remain liable for all of its obligations under this Agreement after any such assignment. It is specifically acknowledged by Buyer and Invester that Buyer will assign to an Affiliate, 800.com Holding, LLC, all of the intangible intellectual property rights included as part of the Acquired Assets, and, further that neither Buyer, Invester or any other Settler will have any equity ownership of, or comparable position or relationship with 800.com Holding, LLC.

(Purchase Agreement [DE 1-3] ¶ 10.5.)

On November 10, 2019, Invester and Bigmansland, Inc. ("Bigmansland"), the successor-in-interest to 800.FLORIDA, entered into an assignment agreement [DE 6-1] (the "Assignment Agreement") with Plaintiffs Chriscon Investments, Ltd. ("Chriscon"), Goulco Holdings, Inc. ("Goulco"), Gougav Investments, Inc. ("Gougav"), and 9290-2493 Quebec, Inc ("9290 Quebec") (collectively "Plaintiffs"). Defendants argue that Plaintiffs lack standing to bring this suit because neither Invester nor Bigmansland sought approval from Defendants prior to executing the Assignment Agreement, and therefore, the Assignment Agreement is invalid.

## II.   STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attach on the complaint requires the court merely look to see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for purposes of the motion. *Id*. A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside

the pleadings, such as testimony and affidavits, are considered. *Id.* If a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### III.   DISCUSSION

Defendants argue that Plaintiffs lack standing to bring their suit because the Purchase Agreement precludes assignment without prior written approval by all parties. Specifically, Paragraph 10.5 of the Purchase Agreement expressly states that "[n]one of the Parties may assign either [the Purchase Agreement] or any of its rights, interests or obligations hereunder without the prior written approval of all Parties." Defendants claim that neither Invester nor 800.FLORIDA ever sought prior written approval before executing the Assignment Agreement. Defendants, therefore, argue that the Complaint should be dismissed. The Court does not agree.

Under Florida law, contractual rights are assignable unless the contract prohibits assignment, the contract involves obligations of a personal nature, or public policy dictates against assignment. *H & J Contr., Inc. v. Jacobs Eng'g Grp., Inc.,* No. 15-61462-CIV-COHN/SELTZER, 2015 U.S. Dist. LEXIS 146091, *3 (S.D. Fla. Oct. 28, 2015) (citing *Kohl v. Blue Cross and Blue Shield of Florida, Inc.,* 988 So. 2d 654, 658 (Fla. 4th DCA 2008)). Anti-assignment provisions only cover claims within their scope. *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1319 (11th Cir. 2019). In Florida, the law distinguishes between the assignment of performance due under a contract and the assignment of a claim for damages (or a chose in action) arising from a breach of contract. *C.P. Motion, Inc. v. Goldblatt,* 193 So. 3d 39, 42 (Fla. 3d DCA 2016) (citing *Cordis Corp. v. Sonics Int'l, Inc.* 427 So. 2d 782 (Fla. 3d DCA 1983)). Florida law interprets anti-assignment clauses to prohibit only the assignment of the right to seek performance. *Sousa v. Zuni Transp., Inc.*, 286 So. 3d 820, 822 (Fla. 3d DCA 2019). Thus, absent language providing otherwise, a contract provision prohibiting the assignment of rights or interests under a contract

does not prohibit assignment of any claim for damages on account of a breach of contract. *See H&J Constr.*, 2015 U.S. Dist. LEXIS 146091, *3-4.

Upon review, and in accordance with Florida law, the Court concludes that Paragraph 10.5 of the Purchase Agreement does not preclude assignment of a claim for damages arising from a breach in the agreement. *See H & J Constr.*, 2015 U.S. Dist. LEXIS 146091, *3-4 (concluding that contractual language similar to that in Paragraph 10.5 of the Purchase Agreement did not preclude assignment of any claims for damages). Accordingly, it is

**ORDERED** that:

1. Defendants' Motion to Dismiss [DE 5] is **DENIED**.
2. Defendant's Motion for Leave to Amend Motion to Dismiss and to Assert Alternative Motion for Definite Statement [DE 10] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 19th day of August, 2021.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   Counsel of record